# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRICE BENNETT,** | : | |
| **Petitioner,** | : | |
| | : | **No. 1:17-CV-01202** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, <u>et al.</u>,** | : | |
| **Respondents** | : | |

## <u>MEMORANDUM</u>

On July 10, 2017, Brice Bennett, an inmate confined at the State Correctional Institution at Mahanoy, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  On July 20, 2017, Petitioner filed an application seeking leave to proceed <u>in forma pauperis</u>.  (Doc. No. 4.)  Named as Respondents are the Commonwealth of Pennsylvania and the Pennsylvania State Attorney General.[1]

On August 9, 2017, in accordance with <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999) and <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), this Court issued a formal notice to Petitioner that he either could have his petition ruled on as filed, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  (Doc. No. 7.)  The Order further advised Petitioner that if he did not return his notice of election within forty-five (45) days, the Court would proceed to rule on the petition as filed.  (<u>Id.</u>)

Petitioner did not return his notice of election, and therefore, the Court issued an Order to Show Cause upon Respondent on October 5, 2017.  (Doc. No. 8.)  On October 25, 2017,

---

[1] The Court notes that Petitioner has named improper Respondents.  The proper Respondent is the Warden at SCI-Mahanoy.  <u>See</u> 28 U.S.C. §§ 2242 and 2243.  <u>See also</u> <u>Nunez v. Lindsay</u>, No. 3:CV-07-0051, 2007 WL 706245, at *1 n.1 (M.D. Pa. Feb. 12, 2007) ("The proper Respondent in a petition for writ of habeas corpus is the official having custody of the applicant.").

Respondent filed a response to the petition, asserting that this matter should be stayed pending the disposition of Petitioner's PCRA petition currently pending before the Pennsylvania Superior Court.  (Doc. No. 12.)  Based upon the petition, Respondent's response, and accompanying exhibits, the Court will dismiss the petition without prejudice to Petitioner refiling a habeas petition once he has exhausted his state court remedies.

## I.     BACKGROUND

In his petition, Bennett appears to challenge the gradation of a 2013 conviction in the York County Common Pleas for Retail Theft, categorized as a Felony in the Third Degree. (Doc. No. 1.)  He provides that he was convicted on July 12, 2013 and sentenced on October 30, 2013 to one-and-a-half to three years' imprisonment.  (Id.)  On December 16, 2013, Petitioner filed a direct appeal to the Superior Court.  Commonwealth v. Bennett, 2231 MDA 2013 (Pa. Super. Ct. 2014).  The two issues raised in Petitioner's direct appeal challenged the sufficiency of the evidence for retail theft and the weight of the evidence.  Id.  The Superior Court affirmed the York County Court of Common Pleas sentence on September 16, 2014.  (Id.)  Petitioner then filed a petition for allowance of appeal with the Pennsylvania Supreme Court on October 9, 2014, which was denied on April 17, 2015.  Commonwealth v. Bennett, 732 MAL 2014 (Pa. 2015); see Commonwealth v. Bennett, CP-67-CR-822-2013.

Petitioner then filed a timely PCRA petition on April 23, 2015, which he subsequently amended on June 29, 2015.  (Id.)  Petitioner provides that his PCRA petition raises the issue that the gradation of his retail theft charge is incorrect.  (Doc. No. 1.)  The York County Court of Common Pleas denied Petitioner's PCRA petition on January 30, 2017, and Petitioner filed a notice of appeal to the Superior Court on February 1, 2017.  Commonwealth v. Bennett, CP-67-

CR-822-2013; see Commonwealth v. Bennett, 244 MDA 2017 (Pa. Super. Ct. 2017).

Petitioner's PCRA petition is currently pending before the Pennsylvania Superior Court.

On October 25, 2017, Respondent filed a response to the Show Cause Order, providing

that the sole issue raised by Petitioner in his current habeas petition is a challenge to the

gradation of his retail theft charge, an issue that was only raised during Petitioner's PCRA

hearing. (Doc. No. 12 at 3.) Furthermore, Respondent argues that because the state courts have

not yet had an opportunity to address the merits of Petitioner's claim, his current habeas petition

should be stayed until he has exhausted his state court remedies. (Id.)

## II.     DISCUSSION

Based upon the petition, and Respondent's response and accompanying exhibits, it is

apparent that Petitioner has not exhausted his remedies in state court. Federal habeas relief is

only available where state remedies have been exhausted. 28 U.S.C. § 2254(b)(1)(c); Rose v.

Lundy, 455 U.S. 509, 515-20 (1982). Absent exceptional circumstances, a habeas petition is not

cognizable until the petitioner has exhausted all means of relief under state law. 28 U.S.C. §

2254(b)(1)(A). A petitioner "shall not be deemed to have exhausted the remedies available … if

he has the right under the law of the State to raise, by any procedure, the question presented." 28

U.S.C. § 2254(c). The exhaustion doctrine is rooted in the tradition of comity, and the state must

be given the "initial opportunity to pass upon and correct alleged violations of its prisoners'

[constitutional] rights." Alston v. Diguglielmo, No. 07-CV-2618, 2009 WL 2096214 (E.D. Pa.

July 14, 2009) (quoting case omitted).

"A state prisoner is generally barred from obtaining federal habeas relief unless the

prisoner has properly presented his or her claims through one 'complete round of the State's

established appellate review process.'" Woodford v. Nqo, 548 U.S. 81, 92 (2006) (internal

citations omitted);  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999) (providing that

exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts

must be afforded one full opportunity to resolve any constitutional issues via completion of the

State's established appellate review process).  Fair presentation requires that the "substantial

equivalent" of both the legal theory and the facts supporting the federal claim are submitted to

the state courts, and the same method of legal analysis applied in the federal courts must be

available to the state courts.  Evans v. Court of Common Pleas, 959 F.2d 1227, 1230 (3d Cir.

1992).  The exhaustion requirement is satisfied if the petitioner's claims are presented through a

collateral proceeding, such as a petition under the PCRA, and it is not necessary to present

federal claims to state courts both on direct appeal and in a PCRA proceeding.  Id.

Here, Petitioner has not shown that he has satisfied the exhaustion requirement.  While

Petitioner has exhausted his direct appeals, the only two issues raised were the sufficiency of the

evidence and the weight of the evidence.  See Commonwealth v. Bennett, 2231 MDA 2013 (Pa.

Super. Ct. 2014).  In Petitioner's instant habeas petition, he raises neither the sufficiency of the

evidence nor the weight of the evidence.  Rather, Petitioner raises the argument that the

gradation of his retail theft charge is incorrect, an issue that is currently pending before the

Pennsylvania Superior Court.  Petitioner's habeas claim challenging the gradation of his retail

theft charge is therefore unexhausted.

The Court further finds that because Petitioner's AEDPA statute of limitations has been

tolled while his instant claim is pending with the Pennsylvania Superior Court, the "stay and

abeyance" approach does not need to be utilized.  See Roth v. Reitz, Civ. No. 3:CV-11-2085,

2012 WL 359976, at *4 (M.D. Pa. Jan. 9, 2012), report and recommendation adopted, Roth v.

Reitz, Civ. No. 1:11-CV-2085, 2012 WL 359918 (M.D. Pa. Feb. 2, 2012).  Petitioner's statute of

limitations will be tolled while he has a properly filed appeal pending with the state courts.  See

Rhines v. Weber, 544 U.S. 269 (2005); 28 U.S.C. § 2244(d)(2) (any time devoted to pursuing a

properly filed application for state post-conviction relief or other collateral relief is excluded

from the limitations period); Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003).

The United States Supreme Court expressed the following concerns with the "stay and

abeyance" approach:

> if employed too frequently, [it] has the potential to undermine the
> [] twin purposes [behind the statute of limitations and the
> exhaustion doctrine].  Staying a federal habeas petition frustrates
> AEDPA's objective of encouraging finality by allowing a
> petitioner to delay the resolution of the federal proceedings.  It also
> undermines AEDPA's goal of streamlining federal habeas
> proceedings by decreasing a petitioner's incentive to exhaust all of
> his claims in state court prior to filing his federal petition.

Rhines, 544 U.S. 269, 277 (2005).  Accordingly, the Supreme Court emphasized that a "stay and

abeyance" should be available only in "limited circumstances" "where the district court has

determined that there was good cause for the petitioner's failure to exhaust his claims first in the

state court, and that the claims sought to be exhausted are not 'plainly meritless.'"  Myers v.

Warden of SCI-Albion, Civ. No. 4:08-CV-0100, 2010 WL 1838178, at *5 (M.D. Pa. May 6,

2010) (citing Rhines, 544 U.S. at 277)).

Since Petitioner presently has a collateral appeal pending with the Pennsylvania Superior

Court regarding the denial of his PCRA Petition, the Court will dismiss his habeas petition

without prejudice to the re-filing of a habeas petition after Petitioner has properly exhausted his

state court remedies with respect to his gradation claim.

## III.  CONCLUSION

Based upon the foregoing, Petitioner's petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 will be dismissed without prejudice.  An appropriate Order follows.